PUBLIC HOUSING LAW, § 30 (5).
Under the above section, a municipal housing authority would not, without authorization by a statute of the State Legislature, be empowered to restrict the right to vote or to be a candidate for tenant representative to those tenants or residents who are current in their rental payments.
HON. LEE GOODWIN Commissioner Division of Housing and Community Renewal
This is in response to your letter received March 2, 1976, wherein you ask for my opinion whether or not, pursuant to provisions of Public Housing Law, § 30 (5), a municipal housing authority in specifying the manner of the election of tenant representatives, is authorized to restrict the right to vote or to be a candidate for tenant representative to those tenants or residents who are current in their rental payments.
Public Housing Law, § 30 (5), provides, in part:
 "5. * * * Each authority coming within the provisions of this subdivision shall * * * adopt by-laws specifying the time and manner of the election of the tenant representatives. All residents of the authority's housing who are eighteen years of age or older shall be eligible to vote. * * *" (Emphasis supplied.)
I interpret the underscored portion of Public Housing Law, § 30
(5), to authorize each authority to invoke procedural steps for the holding of the election of tenant representatives. Since all residents 18 years of age or older are specifically made eligible to vote, a municipal housing authority would not, without authorization by a statute of the State Legislature, be empowered to restrict the right to vote or to be a candidate for tenant representative to those tenants or residents who are current in their rental payments.